# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR7 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| TAFT BURTTON and | ) | |
| TERRI BURTTON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 44) issued by Magistrate Judge Thomas D. Thalken recommending denial of the motion (Filing No. 30) and amended motion (Filing No. 32) to suppress filed by the Defendant, Taft Burtton, and the motion to suppress (Filing No. 25) filed by the Defendant, Terri Burtton. Taft Burtton filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 47, 48) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a). Terri Burtton also filed a statement of objections with attachments (Filing No. 45).

The Defendants are charged in a two-count Indictment with possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base (Count I); and criminal forfeiture of $4,886.00 seized from the person of Taft Burtton and $111.00 seized from a Lincoln SUV. (Filing No. 1.) The Defendants seek the suppression of evidence seized as a result of the December 2, 2007, stop of Taft Burtton's vehicle, including the searches of Taft Burtton's person and vehicle as well as the couple's residence at 3050 Newport Avenue in Omaha, Nebraska ("residence").

Following an evidentiary hearing, Judge Thalken issued a Report and Recommendation in which he concluded: officers had probable cause to stop Taft Burtton's

vehicle; the *Franks* challenge should be denied; the search warrant affidavit contained sufficient probable cause to support the issuance of the search warrant for the residence and, alternatively, the *Leon* good faith exception would apply; Terri Burtton consented to the officers' entry into the residence; the officers' presence in the residence until the search warrant was signed was a consensual encounter; the presence of the search warrant on the premises prior to the search was irrelevant inasmuch as the warrant was signed prior to the search and no evidence was obtained prior to the signing of the warrant; Taft Burtton knowingly and voluntarily waived his *Miranda* rights and voluntarily made *post-Miranda* statements; any pre-Miranda statements made by Taft Burtton were not the result of custodial interrogation.

On the basis of these determinations, Judge Thalken recommended that the Defendants' motions to suppress be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendants have objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided a very detailed account of the events surrounding the traffic stop, arrests, and searches of Taft Burtton, the vehicle, and the residence. The Court has considered the transcript of the hearing conducted by Judge Thalken. (Filing No. 43.) The

Court also carefully viewed the evidence. (Filing No. 39.) Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Thalken's factual findings in their entirety.[1] The facts are stated in detail in the Report and Recommendation. (Filing No. 44.)

## ANALYSIS

Taft Burtton objects to the following conclusions in Judge Thalken's Report and Recommendation:

- the traffic stop was based on probable cause;

- Taft Burtton's detention was not unduly long, and his detention and arrest were not without legal justification;

- the *Franks* challenge should be denied, and the information in question in the search warrant affidavit did not contain material misrepresentations that recklessly or intentionally disregarded the truth of the claims made;

- the affidavit supporting the search warrant application contained sufficient probable cause;

- the search of the residence began after the search warrant was obtained and produced, and a contrary finding that the warrant was not on the premises when the search began is legally irrelevant; and

- Taft Burtton's statements are admissible pursuant to *Miranda* or *Wong Sun*.

Terri Burtton also objects, arguing that Judge Thalken erroneously:

---

[1] Taft Burtton did not object to Judge Thalken's factual findings.

- concluded that she voluntarily allowed officers into her home and let them remain until the search warrant arrived;

- concluded that the search warrant affidavit contained sufficient probable cause for issuance of the warrant; and

- credited the officers' testimony as opposed to hers.

Finally, Terri Burtton argues that Judge Thalken ignored the issue of officers "seizing" her home from the time of entry until the search warrant was delivered.

The objections are discussed below.

*Traffic Stop*

Officer James Maloney testified that he saw the driver of the vehicle in question run a stop sign and not signal a turn upon turning from a northbound to a westbound direction. (Tr. 13.) The driver therefore committed two minor traffic violations. Neb Rev. Stat. § 60-6,148(2) (2007) (stop signs); Neb. Rev. Stat. § 60-6,161(2) (2007) (signaling a turn). As the Eighth Circuit Court of Appeals has often stated, "[i]t is well established a minor traffic violation provides probable cause for a traffic stop, even if it is mere pretext for a narcotics search." *United States v. Stachowiak,* 521 F.3d 852, 855 (8th Cir. 2008) (citing *Whren v. United States,* 517 U.S. 806, 813 (1996)). Taft Burtton's objection to the traffic stop is denied.

*Taft Burtton's Detention and Arrest*

Taft Burtton argues that the officers lacked reasonable suspicion to conduct an investigative stop, he was illegally detained for an unreasonable length of time, his person and vehicle were illegally searched, statements were illegally obtained, and items found

4

during the search of the residence must be suppressed as fruits of the alleged Fourth Amendment violations.

Officer Maloney testified that the two passengers, both riding in the back seat, were drinking from plastic cups. A TGI Friday liquor bottle was on the floor. (Tr. 15.) When asked what they were drinking, the two passengers pointed to the liquor bottle. (Tr. 18.) Two officers approached the vehicle on opposite sides. (Tr. 14.) The officers both detected a "[v]ery strong" odor of marijuana coming from the vehicle, which Officer Maloney knew was marijuana. (Tr. 16.) The driver of the vehicle told Officer Maloney that his license was suspended. The driver and two passengers[2] exited the vehicle and were handcuffed. (Tr. 16-17.)

Upon making a traffic stop for a traffic violation, officers may detain the vehicle's occupants to perform routine tasks associated with the traffic violation. *United States v. Olivera-Mendez,* 484 F.3d 505, 509 (8th Cir. 2007). Officers' observations and reasonable suspicions of criminal activity entitle them to expand the scope of the traffic stop and ask questions that reach beyond the reasons for the initial stop. *United States v. Gomez Serena,* 368 F.3d 1037, 1040 (8th Cir. 2004). Given that Taft Burtton was drinking alcohol and the strong odor of marijuana, officers had probable cause to arrest him. *United States v. Davidson,* 527 F.3d 703, 706 (8th Cir. 2008). Once under arrest, officers had probable cause to search his person and the vehicle. *United States v. Pappas,* 452 F.3d 767, 771 (8th Cir. 2006); *Gomez Serena,* 368 F.3d at 1041.

---

[2]There was no front seat passenger.

Taft Burtton argues that his pre-*Miranda* statements were made while he was in custody. He argues that his post-*Miranda* statements were involuntarily made and followed an involuntary waiver of his *Miranda* rights.[3]

The evidence shows that Taft Burtton made voluntary unsolicited statements regarding the large amount of cash found on his person. Burtton called an officer over to make the statement. (Tr. 20.) Burtton also gave officers a false address of 304 North 38th Street.[4] During a traffic stop, officers are entitled to ask such routine questions. *Olivera-Mendez,* 484 F.3d at 509. Under the facts, no evidence exists to support the argument that these statements were involuntary or otherwise improper. Burtton testified at the hearing, yet he did not testify that his statements were involuntary. Rather, he testified that he did not give a false address. (Tr. 103.) Burtton offered no evidence regarding the statement made about the cash.

Post-*Miranda*, Burtton stated that officers would find marijuana residue at the Newport Street address prior to stating that he would say no more and wanted a lawyer. (Tr. 35-36.) Prior to making this statement, Burtton signed a waiver of rights form that was read to him as he answered each question. (Tr. 23-24; Ex. 1.) Burtton did not testify that his waiver was involuntary.

For these reasons, Taft Burtton's objections are denied.

---

[3] In his amended motion, Taft Burtton raised no issues regarding his statements. (Filing No. 32.)

[4] Taft Burtton denies making this statement. However, the Court agrees with Judge Thalken's credibility determination and discounts Burtton's testimony.

**Franks *Challenge***

Taft Burtton argues that the search warrant affidavit contained material misrepresentations, as he asserts that he did not give a false address or state that marijuana residue would be found at the residence. These credibility determinations have been decided in the government's favor. Therefore, the affidavit did not contain false statements. However, assuming arguendo that the statements were false, there is no evidence showing that officers knowingly, intentionally, or recklessly included the information in the affidavit. Moreover, even assuming that such evidence existed and the statements would be removed from the affidavit, the rest of the affidavit provided more than enough probable cause to justify the search of the residence. Therefore, Taft Burtton's objections to Judge Thalken's *Franks* analysis are denied.

*Affidavit - Probable Cause*

The search warrant affidavit recites the facts surrounding the traffic stop, including the bags of marijuana and cash found, statements that individuals were smoking marijuana at the Newport address earlier, Taft Burtton's statement about marijuana at the residence, and Taft Burtton's statement about the false address. (Ex. 3.) Therefore, the probable cause standard was met as the information in the affidavit was sufficient to allow one to believe that a fair probability existed that contraband or evidence of a crime would be found at the residence. *United States v. Hudspeth,* 525 F.3d 667, 674 (8th Cir. 2008). Taft and Terri Burtton's objections are denied.

*Search Warrant*

Taft and Terri Burtton argue that the search of the residence began well before the warrant was obtained and brought to the residence because officers were present for hours prior to that time. However, Officer Baudler testified that Terri Burtton let him in the house and the kitchen when he performed a "knock and talk" at about 6:15 or 6:30 p.m. on December 2, 2007. (Tr. 75-76.) Although Ms. Burtton testified that she did not let officers into her home (Tr. 114), the Court credits Officer Baudler's testimony that officers were let in and only performed an initial sweep prior to knowing that the search warrant had been signed.[5] Ms. Burtton moved around and did some chores while officers were there, and she left the house for awhile and returned. No credible evidence exists indicating that she asked officers to leave. As Judge Thalken noted, no evidence indicated that any evidentiary items were seized prior to the signing of the search warrant. Taft Burtton offers no legal support for his argument that the warrant was required to be on the premises prior to the search, and the Court agrees with Judge Thalken's conclusions with respect to this issue. Numerous cases exist in the Eighth Circuit in which officers entered residences with consent or under exigent circumstances, performed protective sweeps and secured the residences until search warrants were obtained at which time full searches were

---

[5]Terri Burtton argues that Judge Thalken erred in finding her testimony not credible and instead relying on the officers' testimony. Terri Burtton asks the Court to find credible her testimony that she did not allow officers into the home and that within five minutes of their entry they would not leave when she asked them to do so. However, this portion of her testimony is inconsistent with other portions of her testimony: when asked if she would consent to a search of her home she spoke twice with Taft Burtton on the telephone and eventually signed a permission to search form, although officers did not rely on the form due to Taft Burtton's withdrawal of his consent to search; she asked officers if she could leave the house, which she did; and she returned to the house after leaving. The self-serving nature of Terri Burtton's testimony is another factor influencing the Court's decision to agree with Judge Thalken's credibility determination.

8

performed.  *See, e.g., United States v. Amburn,* 412 F.3d 909, 916 (8th Cir. 2005); *United States v. Conner,* 127 F.3d 663, 669 (8th Cir. 1997).  For these reasons, the objections are denied.

### *Alleged* Wong Sun *Violations*

Because no Fourth Amendment violations have been found, the argument that evidence and statements must be excluded as fruits of the alleged violations under *Wong Sun v. United States,* 371 U.S. 471 (1963) is without merit.

### CONCLUSION

For the reasons discussed, the Defendants' objections to the Report and Recommendation are denied, the Report and Recommendation is affirmed, and the Defendants' motions to suppress are denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 44) is adopted in its entirety;

2. The objections to the Report and Recommendation filed by the Defendant, Taft Burtton (Filing No. 47) are denied;

3. The objections to the Report and Recommendation filed by the Defendant, Terri Burtton (Filing No. 45) are denied;

4. The following motions are denied:

    a. the motion (Filing No. 30) and amended motion (Filing No. 32) to suppress filed by the Defendant, Taft Burtton; and

    b.    the motion to suppress (Filing No. 25) filed by the Defendant, Terri Burtton.

DATED this 9th day of July, 2008.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge