IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR7 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| TAFT BURTTON, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 76).[1] The government submitted an informal objection to the probation officer (Addendum to PSR) and then adopted the PSR (Filing No. 75). *See* Order on Sentencing Schedule, ¶¶ 4 & 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

*Drug Quantity*

The Defendant objects to the part of ¶ 26 that converts funds to marijuana equivalent, recognizing that the conversion has no effect on the base offense level agreed to by the parties in their plea agreement. Because the inclusion of the funds as part of the drug quantity has no effect on the guideline range, the objection is denied.

*Acceptance of Responsibility*

The Defendant also objects to the lack of an adjustment for acceptance of responsibility in ¶ 37. The Court cannot be certain of the government's position because of inconsistent responses by government counsel  The government stood by its recommendation for an adjustment for acceptance of responsibility (Addendum to PSR);

---

[1]The Defendant's objections were not presented to the probation officer as required by ¶ 4 of the Order on Sentencing Schedule.

however, the government adopted the PSR. This issue will be heard at sentencing. The Defendant has the burden of proof by a preponderance of the evidence.

IT IS ORDERED:

1. The Defendant's objection to ¶ 26 of the Presentence Investigation Report (Filing No. 76) is denied;

2. The Defendant's objection to ¶ 37 of the PSR (Filing No. 76) and the government's objection (Addendum to PSR) will be heard at sentencing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 18th day of December, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge