IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                            )<br>                        Plaintiff,              )<br>                                                            )<br>        vs.                                                )<br>                                                            )<br>TAFT BURTTON,                              )<br>                                                            )<br>                        Defendant.         ) | 8:08CR7<br><br>**PRELIMINARY ORDER**<br>**OF FORFEITURE** |

This matter is before the Court on the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 85). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. Count I charges the Defendant with one count of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1). Count II of said Indictment seeks the forfeiture, pursuant to 21 U.S.C. § 853, of $4,997.00 in United States currency on the basis it was used or was intended to be used to facilitate said controlled substance violation and/or was derived from proceeds obtained directly or indirectly as a result of the commission of said controlled substance violation.

2. On October 8, 2008, the Defendant entered into a Plea Agreement whereby he agreed to enter a plea of guilty to Count I of the Indictment filed herein. On February 11, 2009, at his sentencing proceeding, the Defendant agreed to forfeit any right, title or interest he had in the $4,997.00 in United States currency. The United States further agreed to return $2,498.50 of the $4,997.00 to Defendant's wife, Terri Burtton, by sending the same to Mrs. Burtton.

2. The Defendant forfeits his interest in the subject property, and the United States should be entitled to possession of said property, pursuant to 21 U.S.C. § 853.

IT IS ORDERED:

     A.  The United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 85) is hereby sustained.

     B.  The United States is hereby authorized to seize $4,997.00 in United States currency.

     C. $2,498.50 must be returned to the Defendant's wife, Terri Burtton, The Marshal shall deliver said amount by sending payment to Terri Burtton at her Omaha, Nebraska address, which may be obtained from the U.S. Attorney's office.

     D.  The Defendant's interest in said property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

     E. The aforementioned forfeited property is to be held by the United States in its secure custody and control.

     F.  Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited property must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

     G.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject property and any additional facts supporting the Petitioner's claim and the relief sought.

H. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property subject to this Order as a substitute for published notice as to those persons so notified.

I. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this 13th day of February, 2009.

**BY THE COURT:**

S/ Laurie Smith Camp
**United States District Judge**