IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR7 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| TAFT BURTTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant, Taft Burtton ("Burtton"): Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 114); to expand the record (Filing No. 115); and for an evidentiary hearing (Filing No. 116). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Burtton pleaded guilty to Count I of the Indictment charging him with possession of cocaine base with intent to distribute. In his Petition to Enter a plea of Guilty, Burtton stated he was satisfied with the representation of his attorney, Michael Tasset, but he was "not satisfied" with his previous attorney, Beau Finley. At his change of plea hearing, Burtton again stated he had no objections to Tasset's representation but he was

dissatisfied with Finley's representation. Burtton's plea agreement did not include a § 2255 waiver.

Finley had filed a motion, followed by an amended motion, to suppress evidence seized as a result of Burtton's stop and the search of Burtton's person, vehicle, and residence. Finley raised several grounds. Magistrate Judge Thomas D. Thalken recommended that the motion to suppress be denied, concluding: two minor traffic violations provided probable cause for the stop of Burton's vehicle; even assuming the search warrant affidavit contained inaccuracies as argued by Burtton and his codefendant, Terri Burtton, redaction of the two pieces of information in question would nevertheless yield sufficient probable cause to justify a search of the residence; the "four corners" of the search warrant affidavit contained sufficient probable cause to justify the search; even assuming the lack of probable cause in the affidavit, the *Leon* good faith exception would apply; Terri Burtton consented to the officers' entry into the residence and allowed them to stay until the warrant arrived, at which time the residence was searched; and Burtton's statements were voluntarily made after he waived his *Miranda* rights or, alternatively, were not made while he was in custody. Finley objected to Judge Thalken's Report and Recommendation, including an objection to Judge Thalken's conclusion regarding Burtton's post-*Miranda* statement. The Report and Recommendation was adopted by this Court on July 9, 2008.

On July 21, 2008, Finley's motion to withdraw was granted, and Michael Tasset was appointed. Burtton's plea followed. On February 11, 2009, Burtton was sentenced to 120 months imprisonment. On appeal, Burtton argued: officers lacked reasonable suspicion or probable cause to search Burtton's person after the stop; the search of the residence

2

was the fruit of the allegedly illegal search of his person; and even assuming the search of Burtton's person was lawful, probable cause was lacking for his warrantless arrest for possession of marijuana with intent to distribute. The Eighth Circuit affirmed this Court's Judgment and denied Burtton's petition for rehearing by the panel. Burtton timely filed his § 2255 motion.

## DISCUSSION

In his § 2255 motion, Burtton alleges the following claims of ineffective assistance of counsel: his attorney, Beau Finley, was ineffective for not winning his motion to suppress based on the facts (Claim One); his second attorney, Michael Tasset, was ineffective for failing to investigate, advising Burtton to plead guilty, and failing to raise the suppression issue on appeal.

In order to establish ineffective assistance of counsel, Burtton must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

### I.     *Motion to Suppress*

Burtton argues his attorney, Beau Finley, was ineffective for failing to successfully argue the motion to suppress before the district court. In particular, Burtton argues that

post-arrest statements of Burtton and two other passengers referenced in the search warrant affidavit were not corroborated and, absent the statements, the search warrant affidavit lacked probable cause.

Burtton's sole post-*Miranda* statement was that the only thing officers would find at the residence in question was marijuana residue.  (Filing No. 44, at 5.)  Burtton then invoked his right to silence.  (*Id*.)  Even though the issue of the voluntariness of Burtton's statement may not have been raised in the suppression motions, evidence was presented at the suppression hearing regarding the voluntariness of Burtton's statement that led Judge Thalken to conclude Burtton's statement was voluntary and obtained after a valid waiver of his *Miranda* rights.

With respect to the statements made by the other two passengers,[1] Burtton lacks standing to contest the legality of their statements.  *United States v. McCraney,* 612 F.3d 1057, 1062 n.3 (8th Cir. 2010), *cert. denied,* 2011 WL 1103395 (Mar. 28, 2011) (No. 10-7693).

Evidence corroborated Burtton's statement regarding marijuana residue, including the evidence found during the searches of Burtton's person and vehicle, as well as the statements of passengers Partee and Cotton.

Burtton cannot prove the prejudice prong of *Strickland.*  This claim will be summarily denied.

---

[1] The search warrant affidavit states that fellow passengers Terrance Partee and Ralph Cotton stated they were at the residence earlier that day smoking marijuana and playing video games.  (Filing No. 39, Ex. 3.)

4

**II.      Investigation; Advice Regarding Plea; Suppression Issue on Appeal**

Burtton argues his second attorney, Michael Tasset, was ineffective for failing to investigate, advising him to plead guilty, and for not raising the suppression "issue"[2] on appeal.

The government will be ordered to answer this claim as it regards the alleged lack of investigation and the alleged improper advice to plead guilty. The portion of the claim regarding the suppression issue will be summarily denied for the reasons discussed under section I above.

## CONCLUSION

Claim I and the portion of Claim II regarding the suppression issue will be summarily denied. The United States shall respond to the balance of Claim II by filing an Answer. In addition to any other issues raised in the Answer, the United States shall address whether the claim is barred by procedural default, waiver, or untimeliness.

IT IS ORDERED:

1.      The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 114);

2.      Upon initial review, the Court summarily dismisses Claim I and the portion of Claim II regarding the suppression issue;

---

[2]The issues raised on appeal related to suppression. The Court assumes that Burtton refers in his discussion of Claim II to the issue he identified in his discussion of Claim I.

3. On or before May 23, 2011, the United States shall file an Answer to the balance of Claim II and support its Answer with a brief;

4. On or before June 23, 2011, the Defendant may file a responsive brief;

5. The Defendant's motions to expand the record (Filing No. 115) and for an evidentiary hearing (Filing No. 116) are held in abeyance; and

6. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 22nd day of April, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge