IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR7 |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | MEMORANDUM<br>AND ORDER |
| TAFT BURTTON, | )<br>)<br>) | |
| Defendant. | ) | |

This matter is before the Court on the motions filed by the Defendant, Taft Burtton, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 114); for leave to expand the record (Filing No. 115); for an evidentiary hearing (Filing No. 116); and to stay the § 2255 proceeding pending Burtton's appeal (Filing No. 128). The government filed an Answer. (Filing No. 124.)

**FACTUAL BACKGROUND**

Burtton was charged in a two-count Indictment with: possession with intent to distribute cocaine base (Count I); and criminal forfeiture (Count II). Finley filed motion to suppress evidence seized as a result of Burtton's stop and the search of Burtton's person, vehicle, and residence. Magistrate Judge Thomas D. Thalken recommended that the motion to suppress be denied. Burtton objected to Judge Thalken's Report and Recommendation, which was adopted by this Court.

On July 21, 2008, Finley's motion to withdraw was granted, and Michael Tasset was appointed. Burtton then pleaded guilty to Count I of the Indictment. Tasset's efforts led to the government's motion to dismiss the forfeiture count, Count II, at sentencing. (Filing No. 24:25-25:24; Filing No. 97.) Approximately half of the monies that were the subject of the forfeiture count were returned to Terri Burtton, Burtton's codefendant and wife. The

rest of the funds were administratively forfeited.  In his Petition to Enter a plea of Guilty completed under oath, Burtton stated he was "not satisfied" with his previous attorney, Beau Finley, yet he stated his satisfaction with Tasset's representation.  At his change of plea hearing while under oath, Burtton again stated he had been dissatisfied with Finley's representation but had no objections to Tasset's representation.  The plea agreement was conditional, allowing Burtton to appeal from this Court's denial of his motion to suppress.  Also, the plea agreement provided that the government would move to dismiss the Indictment against Terri Burtton.[1]

On February 11, 2009, Burtton was sentenced to 120 months imprisonment, the statutory minimum sentence.  On appeal, Burtton argued issues relating to his suppression motion.  The Eighth Circuit affirmed this Court's Judgment and denied Burtton's petition for rehearing by the panel.  Burtton timely filed his § 2255 motion.  The Court summarily dismissed: Claim I, which regarded ineffective assistance of counsel issues relating to Burtton's suppression issues; and the portion of Claim II regarding the suppression issue.  However, the Court required the government to answer the portion of Claim II relating to Burtton's allegations that Tasset was ineffective in failing to investigate and advising Burtton to plead guilty.

## DISCUSSION

**I.    Motion to Vacate, etc.**

In order to establish ineffective assistance of counsel, a defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v.*

---

[1] The government's motion to dismiss Ms. Burtton's case was granted.  (Filing No. 84.)

*Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

As the government argues, Burtton alleges that Tasset was ineffective for failing to investigate "additional collateral facts" without specifying *which* facts he was referring to. (Filing No. 114, at 5.) It appears that Burtton was referring to facts relating to suppression issues. As the government argues, the facts that allegedly were not investigated were not specified. Moreover, the facts relate to the suppression issue. Due to Tasset's zealous representation as discussed below, Burtton was able to appeal those suppression issues as the result of his conditional plea agreement.

With respect to any advice Tasset may have given to Burtton with respect to his decision to plead guilty, the Court agrees with the government that Tasset negotiated a very beneficial plea agreement. The agreement included two key provisions that are not often included in plea agreements in this District: a conditional plea, allowing the appeal of Burtton's suppression issues; and a dismissal of the case as against Burtton's wife. Also, it appears that Tasset was instrumental in obtaining a return to Ms. Burtton of approximately half of the funds that were the subject of the forfeiture count.

Apart from Tasset's zealous representation of Burtton during the plea process, the record shows that Burtton pleaded guilty knowingly and voluntarily. (Filing No. 67 (Plea Petition); Filing No. 73 (Plea Transcript), 8:1-3; 13:8-10; 14:6-10; 17:20-18:22; 20:10-22;

21:6-22:2.)  Twice under oath, both in completing the plea petition and at the change of plea hearing, Burtton stated he was satisfied with Tasset's representation.

Burtton's lack of factual support for his claims that Tasset failed to investigate and advise him properly regarding a plea, together with the record, lead the Court to conclude that the Defendant's § 2255 motion should be denied.  Burtton is unable to prove either prong of *Strickland.*

II.   **Motion to Expand the Record**

Burtton requested leave to expand the record with respect to his suppression issue claims.  Essentially, throughout his § 2255 proceedings Burtton has attempted to reargue his suppression motion, which has been decided by this Court as well as the Eighth Circuit Court of Appeals.  The issues in the § 2255 motion relating to suppression were summarily denied, and expanding the record as requested by Burtton would not have affected the Court's decision summarily denying those issues.  The motion to expand the record is denied as moot.

III.  **Evidentiary Hearing**

Burtton's request for an evidentiary hearing is denied because a hearing is not warranted.  *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

IV.   **Motion to Stay**

Burtton's motion to stay the § 2255 proceeding pending his appeal to the Eighth Circuit is denied.  Burtton filed a notice of appeal from the Court's order denying him leave to supplement his § 2255 motion with affidavits that he argues show his attorney was

ineffective in failing to investigate matters relating to his suppression motion. He seeks a stay of his § 2255 motion pending resolution of his appeal. Essentially, Burtton seeks leave to present an interlocutory appeal. The motion to stay is denied, and Burtton may include any issues relating to the Court's handling of procedural matters relating to his § 2255 motion in a certificate of appealability that he may file with a notice of appeal once this Memorandum and Order and the accompanying Judgment are filed.

IT IS ORDERED:

1. The Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 114) is denied;

2. The Defendant's motion to expand the record (Filing No. 115) is denied as moot;

3. The Defendant's motion for an evidentiary hearing (Filing No. 116) is denied;

4. The Defendant's motion to stay (Filing No. 128) is denied;

5. A separate Judgment will be issued denying the § 2255 motion; and

6. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 29th day of August, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge